FERGUSON, Judge.
Appellant, plaintiff below, appeals from a non-final order denying his motion to permanently enjoin the City of Miami from demolishing his building.
Plaintiff, Phillip Warner, reacquired a group of apartment buildings through a foreclosure sale. After the sale plaintiff moved for a temporary restraining order to prevent the demolition of one of the buildings. The City of Miami had scheduled the demolition because the approximately fifty-year-old, fire-damaged building had been abandoned[1] by the former owner and mortgagor. Plaintiff moved for a temporary restraining order to prevent the demolition. An order was entered by the trial court setting forth certain requirements to be met by plaintiff before renovation and reconstruction of the building could proceed. The order was extended several times so that the City could file a report on the structural integrity of the building and the plaintiff could- provide proof of insurance.
At the hearing on plaintiff’s motion for a permanent injunction, the City of Miami’s expert witness testified that the building was structurally sound. The trial court, nonetheless, denied the motion and ordered demolition based on its finding that the value of the building was approximately $113,000 and the cost of repairs and renovations would exceed $100,000. It reasoned that the cost of the proposed repair and rehabilitation exceeded 50 percent of value — the criteria set forth in Section 202.-2(b)(1), South Florida Building Code (1979) —and therefore demolition was mandated. *339 The trial court stayed the demolition of the building pending this appeal.
Warner appeals the non-final order and contends that (1) when the trial court applied the “50 percent rule” contained in Section 202.2(b)(1), it incorrectly used the current real estate tax roll figure to determine the value of the building rather than the replacement value figure required by Section 104.5, and (2) since testimony presented by the City of Miami established, without contradiction, that the replacement. value was approximately $481,000, the cost of repairs does not exceed 50 percent of the value of the property. Appellee, City of Miami, asserts that plaintiff’s motion for a permanent injunction was correctly denied because the tax roll assessment was the correct basis for determining the building’s value.
Section 202.2(b)(1), (3), South Florida Building Code (1979), provides:
(b) VALUATION CRITERIA:
(1) If the cost of alteration, repair and/or replacement of an unsafe building or structure or part thereof exceeds 50 percent of its value, such building shall be demolished and removed from the premises. If the cost of alteration, repair and/or replacement of an unsafe building or structure or part thereof does not exceed 50 percent of such replacement cost, such building or structure may be repaired and made safe, as provided in Section 104 and in the applicable minimum housing code....

(3) In order to determine the value of a building or structure and the cost of alterations, repairs and replacement, the guides and Standards provided in Section 104 shall apply.
Section 104.5 is the code provision referred to in Section 202.2(b)(3) which sets forth the following standard for determining the value of a building:
[T]he value of a building or structure shall be the estimated cost of constructing a new building of like size, design and materials at the site of the original structure, assuming such site to be clear and deducting therefrom an amount for depreciation, deterioration and damage before such proposed new construction is started. For the purpose of this section, cost of additions, alterations and repairs shall be construed as the total cost of labor, materials and services, based on current prices for new materials.
The utilization of the Dade County tax rolls by the trial court in making its determination that the value of the building was approximately $113,000 constitutes plain error in view of the unambiguous language of Sections 104.5 and 202.2(b)(1) which instruct that value be based on replacement cost.
Reversed and remanded with instructions to enter a permanent injunction.

. In fact, the building was vacant but not aban-doncd.